IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SAINT LOUIS DIVISION

| | |
|---|---|
| ANGELO WALKER, | ) |
| | ) |
| Plaintiff, | )   4:18-cv-00797 |
| | ) |
| v. | ) |
| | ) |
| KRAMER & FRANK, P.C., | )   JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the plaintiff, ANGELO WALKER, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, KRAMER & FRANK, P.C., the plaintiff states as follows:

#### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

#### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

#### III.   PARTIES

4. ANGELO WALKER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Saint Louis, County of Saint Louis City, State of Missouri.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Citibank (South Dakota), N.A. (hereinafter, "the Debt").

6. The Debt was for a Sears store credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, Midland Funding LLC purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. KRAMER & FRANK, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Missouri.  Defendant's principal place of business is located in the State of Missouri.  Defendant is registered as a professional corporation in the State of Missouri.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Upon information and belief, Defendant was hired by Midland Funding LLC to collect the Debt from Plaintiff.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.     ALLEGATIONS

16. Pursuant to Mo. Stat. § 513.440, creditors may only garnish up to 10% of the wages of any head of family.

17. Plaintiff was at all relevant times serving as head of his family.

18. On or about March 2, 2018, Plaintiff was notified by his employer that 25% of his wages were going to be garnished effective that same day.

19. On or about March 2, 2018, Defendant began garnishing 25% of Plaintiff's wages.

20. On or about March 2, 2018, Plaintiff contacted Defendant via telephone and spoke with a duly authorized representative of Defendant who identified himself as David Smith.

21. During the aforementioned telephone call, Plaintiff inquired as to the nature of the Debt and asked for documentation regarding the validity of the Debt.

22. On or about March 22, 2018, Plaintiff contacted Defendant again via telephone and left a message for David Smith.

23. In the aforementioned message of March 22, 2018, Plaintiff informed Defendant that he was head of household and, as such, Defendant could only lawfully garnish 10% of his wages.  Plaintiff asked Defendant to return the excess funds which it had unlawfully garnished.

24. On or about March 23, 2018, Plaintiff contacted Defendant again, this time by sending a written correspondence via facsimile. (A true and exact copy of the aforesaid correspondence and facsimile confirmation page is attached hereto as Exhibit A).

25. In the aforesaid correspondence, Plaintiff again stated to Defendant that he was head of household and Defendant was garnishing 25% of his wages, despite only being legally entitled to garnish 10% of such wages.

26. In the aforesaid correspondence, Plaintiff again asked Defendant to return the excess funds that Defendant had unlawfully taken from his paycheck.

27. As of the date of preparing this Complaint, Defendant continues to garnish 25% of Plaintiff's paycheck and has refused to return any of the funds that it has unlawfully garnished from Plaintiff's paycheck.

28. In its attempts to collect the debt allegedly owed by Plaintiff to Midland Funding, LLC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    c. Collected funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

    d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

29. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

30. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANGELO WALKER, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ANGELO WALKER**

By:    s/ David M. Marco
    Attorney for Plaintiff

Dated: May 25, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:         dmarco@smithmarco.com